New York County.—Hon. D. G. ROLLINS, Surrogate.—December, 1884.

Beekman *v.* Vanderveer.

*In the matter of the estate of* Benjamin F. Beekman, *deceased.*

Code Civ. Pro., § 2718, relating to an application to compel *an executor* to pay a legacy, and id., § 2806, containing a similar provision in reference to *a testamentary trustee,* have essentially the same purpose. They establish modes of procedure whereby a beneficiary under a will may obtain prompt relief, where it is plain that the rights of other persons cannot be thereby prejudiced; while, on the other hand, where the grant of such relief may prove prejudicial to others, the latter are required to be allowed an opportunity to be heard.

Testator, by his will, directed the executors to invest $100,000, and pay the income to his wife B., during her life or widowhood. This provision, which was declared to be in lieu of dower, was accepted by the widow, who for a time received interest upon the amount mentioned ; but no sum was ever invested as required.   B. having filed a petition with the Surrogate, alleging that the value of the estate had deprecia-

ted far below its appraised and estimated value, and praying that the executors be directed to pay to her an amount equal to her dower interest, as a purchaser for value, it appeared that there were several alleged creditors of the estate, whose aggregate claims exceeded the estimated value of the latter, and none of whom had been cited.—

*Held,* that, whether the testamentary provision in petitioner's favor called into exercise the functions of the executors as such, or as trustees, those claiming as creditors must be brought in as parties, unless petitioner chose to discontinue and institute a proceeding for the judicial settlement of the executors' account.

Riggs v. Cragg, 89 N. Y., 479—followed.

PETITION by Catharine A. Beekman, widow of decedent, for a decree directing John R. Vanderveer, and another, executors of decedent's will, to pay to her " a sum not exceeding the value of the unpaid balance of her dower in the real estate of her husband." The facts are stated in the opinion.

JOHN A. MAPES, *for petitioner.*

FRANK F. VANDERVEER, *for executor.*

THE SURROGATE.—By the will of this testator, his executors were directed to invest, for the benefit of his wife, the sum of $100,000, and to pay her the income of such investment so long as she should live and remain his widow, such bequest, if received and accepted by her, to be in lieu of all rights of dower. In her petition, filed with the Surrogate on the 11th inst., she alleges that, at the time of her husband's death, the appraised value of his personal property was nearly $500,000, and that the value of his real estate exceeded, by at least $150,000, the aggregate of the mortgages by which it was encumbered. Her petition further avers that, with the knowledge of these facts, she accepted the provision made for her

in the will, and for a time received the interest on $100,000, but that the condition of the estate has never been such as to enable the executors to invest that sum for her benefit; that personal assets of the estate, once supposed to be valuable, have proved to be utterly worthless; and that the value of the real property left by the testator has shrunk so far below the encumbrances upon it that proceedings for foreclosure have, in some instances, resulted in deficiency judgments.

Under these circumstances, the petitioner claims that, to the extent of her dower interest, which has become part of the assets of the estate, she must be deemed a purchaser for value, and that, as such, she is entitled to receive from the executors an amount equal to such interest. It appears that there are several persons who hold claims against this estate. Some of these claims are undisputed, and are secured by judgments. The largest is of a contingent character. Taken together, they involve a sum larger than the present estimated value of the entire estate. None of those creditors, or alleged creditors, have been cited to attend this proceeding. Whether the testamentary direction for the benefit of the petitioner is one which only calls into exercise the functions of the executors, as such, or whether, on the other hand, it invokes their action as trustees, is perhaps not entirely clear. In the one case, this proceeding rests upon § 2717 of the Code of Civil Procedure; in the other, it must be treated as brought under § 2806. Section 2806 declares that, "Where it appears, upon the presentation of a petition . . . . . that a decree

made pursuant to the prayer thereof might affect the rights of other persons, with respect to the estate or fund held by the testamentary trustee, the citation must, also, be directed to those persons. When that fact appears upon the return of the citation or upon the hearing, and it also appears, presumptively, that the petitioner is entitled to a decree, all the persons whose rights may be so affected must be brought in by a supplemental citation, before a decree is made." Now, it is obvious that the entry of a decree granting the prayer of this petitioner might affect the rights of such persons as claim to be creditors of this estate. If, therefore, the respondents are to be deemed testamentary trustees, such claimants must doubtless be cited.

Section 2718 requires that a petition for an order directing an executor to pay legacies must be dismissed without prejudice, "where it is not proved, to the satisfaction of the Surrogate, that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority of payment or satisfaction." While the language of this section differs from that of § 2806, the purpose of the two provisions is, I think, essentially the same. They aim to establish modes of procedure, whereby a beneficiary under a will may obtain prompt relief, whenever it is plain that the rights of other persons cannot thereby be prejudiced: but where, upon the other hand, it appears that such prejudice to others may result from the granting of such relief,

they forbid its granting until such others have been afforded opportunity to be heard.

Before considering upon its merits, therefore, the claim so skillfully presented by counsel for the petitioner, all who claim as creditors must be brought in, unless the petitioner shall choose to abandon the present proceeding, and to institute another for the judicial settlement of the executor's accounts (Riggs v. Cragg, 89 *N. Y.*, 479).